UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:25-cv-00750

JONPAUL MARCEL NADEAU,

    Plaintiff,

v.

EXP REALTY LLC
(JACKSONVILLE) and
CLAUDIENNE R. HIBBERT, P.A.,

    Defendants.

_____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff JONPAUL MARCEL NADEAU by and through his undersigned counsel, brings this Complaint against Defendants EXP REALTY LLC (JACKSONVILLE) and CLAUDIENNE R. HIBBERT, P.A. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff JONPAUL MARCEL NADEAU ("Nadeau") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Nadeau's original copyrighted Work of authorship, such as the one in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

2. Nadeau is the owner and principal photographer of Aremac Photography, located in South Florida. Nadeau specializes in high quality interior and exterior photography, aerial footage, short HD films, and floor plans. He provides a detailed and customized finished product to every client. Nadeau has over 7 years experience working in the industry, and working alongside his mentor, he now expands his horizons to 3D tours and film.

3. Defendant eXp Realty LLC (Jacksonville) ("eXp") is a licensed real estate corporation and broker.

4. Defendant Claudienne R. Hibbert, P.A. ("Hibbert") is a real estate associate/broker licensed in the state of FL, who is an employee under the brokerage of eXp.

5. eXp and Hibbert are collectively referred to herein as "Defendants."

6. Nadeau alleges that Defendants obtained Nadeau's copyrightedWork from the internet or prior listings for other properties on multiple listing services of which Defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied Nadeau's copyrighted Work from the internet or prior real estate listings without Nadeau's permission. The prior real estate listings that Defendants may have used to copy Nadeau's copyrighted Work are available to all professional licensed real estate associates and brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

7. Defendants distributed Nadeau's copyrighted Work also without Nadeau's permission, such as through real estate listings on multiple listing services. Defendants committed the violations alleged by copying and distributing Nadeau's copyrighted Work in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

8. Defendant eXp, the broker Hibbert for appears as listing broker on the real estate listing where Hibbert committed the violations of Nadeau's exclusive rights under the copyright act.

9. Defendant eXp is liable for the infringement by Hibbert because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

10. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like eXp and Hibbert include an independent contractor relationship when such relationship is intended by and established between a broker (eXp) and a sales associate (Hibbert) and furthermore the existence of an independent contractor relationship shall not relieve the broker (eXp) of its duties, obligations, or responsibilities, which include being responsible for the offences of Hibbert. Fla. Stat. § 475.01(2).

11. As a result, even if eXp designates its agents as "independent contractors," Hibbert is an "employee" under the Florida Real Estate Code and the common law of principal/agent in Florida, eXp is vicariously liable for its agents' acts committed in connection with and in furtherance of eXp's real estate brokerage business.

12. Nadeau's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in Florida.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

17. eXp Realty LLC (Jacksonville) is a Florida Limited Liability Company with its principal place of business at 10752 Deerwood Park Blvd, Suite 100, FL, 32256, and can be served by serving its Registered Agent, United Agent Group Inc., at 801 US Highway 1, North Palm Beach, FL 33408.

18. Claudienne R. Hibbert, P.A. is a Florida licensed real estate sales associate/broker, License Number SL3022949, and can be served at 18750 SW 17th Court, Miramar, Florida 33029.

## THE COPYRIGHTED WORK AT ISSUE

19. In 2020, Nadeau created the photograph entitled "_dsc5505," which is shown below and referred to herein as the "Work".



20. Nadeau registered the Work with the Register of Copyrights on September 16, 2020, and was assigned registration number VA 2-218-355. The Certificate of Registration is attached hereto as **Exhibit 1**.

21. Nadeau's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.

22. At all relevant times Nadeau was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

23. The Defendants have never been licensed to use the Work at issue in this action for any purpose.

24. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Work or made derivative works from the Work.

25. Defendants copied Nadeau's copyrighted Work from prior listings for other properties on multiple listing services of which Defendants are members, obtained the Work from the internet, or from other real estate associates.

26. After Defendants copied the Work, they made further copies and distributed the Work on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Work or similar properties as part of their professional real estate businesses.

27. Defendants copied and distributed Nadeau's copyrighted Work in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses,

and in the course and scope of rendering professional real estate services as associates and brokers.

28. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

29. Nadeau never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

30. Nadeau notified Defendants of the allegations set forth herein on August 22, 2024 and September 9, 2024. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT BY HIBBERT

31. Nadeau incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Nadeau owns a valid copyright in the Work at issue in this case.

33. Nadeau registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

34. Hibbert copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Nadeau's authorization in violation of 17 U.S.C. § 501.

35. Hibbert performed the acts alleged in the course and scope of his/her business activities.

36. Hibbert's acts were willful.

37. Nadeau has been damaged.

38. The harm caused to Nadeau has been irreparable.

## COUNT II
## **VICARIOUS COPYRIGHT INFRINGEMENT BY EXP**

39. Nadeau incorporates the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

40. Nadeau owns a valid copyright in the Work at issue in this case.

41. Nadeau registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Hibbert copied, displayed and distributed the Work at issue in this case and made derivative of the Work without Nadeau's authorization in violation of 17 U.S.C. § 501.

43. eXp had the right and ability to supervise the infringing activities of Hibbert alleged herein.

44. eXp had a direct financial interest in the infringing activities alleged herein.

45. As a result of eXp's vicarious infringement as alleged above, eXp obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work

46. eXp has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate Nadeau's intellectual property rights.

47. Nadeau has been damaged.

48. The harm caused to Nadeau has been irreparable.

WHEREFORE, the Plaintiff JONPAUL MARCEL NADEAU prays for judgment against the Defendants EXP REALTY LLC (JACKSONVILLE) and CLAUDIENNE R. HIBBERT, P.A. that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Nadeau his actual damages and Defendants' profits attributable to the infringement, or, at Nadeau's election, statutory damages, as provided in 17 U.S.C. § 504

    c. Nadeau be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Nadeau be awarded pre- and post-judgment interest; and

    e. Nadeau be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Nadeau hereby demands a trial by jury of all issues so triable.

Dated: May 14, 2025                Respectfully submitted,

**SRIPLAW, P. A.**

*/s/ Sanje V. Lara*
SANJE V. LARA

Florida Bar Number: 1031680
sanje.lara@sriplaw.com
9100 S. Dadeland Boulevard
Suite 1500
Miami, FL 33156
786.743.0018 – Telephone
561.404.4353 – Facsimile

And

JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
21301 Powerline Rd
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff JonPaul Marcel Nadeau*